**NOT FOR PUBLICATION**

DEC 4 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRI JOETTE TILLETT, | No. 13-35139 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00087-RFC |
| v. | |
| BUREAU OF LAND MANAGEMENT, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Jerri Joette Tillett appeals pro se from the district court's judgment

dismissing her action seeking to enjoin the Bureau of Land Management ("BLM")

from moving wild horses from the Pryor Mountain Wild Horse Range.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for lack of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

subject matter jurisdiction, including questions of mootness. *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985). We affirm.

The district court properly dismissed Tillett's action for injunctive relief as moot because the BLM moved the horses during the pendency of this action, and, thus, the district court could no longer provide any meaningful relief. *See Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005) (en banc) (a claim is moot where "changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief" (citation and internal quotation marks omitted)).

We reject as without merit Tillett's contention that she was denied due process by the district court or by the Interior Board of Land Appeals of the Department of the Interior.

**AFFIRMED.**

13-35139